```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF OKLAHOMA
```

JODY ALLEN on behalf of      )
J.K.A., a minor,             )
                             )
            Plaintiff,       )
                             )
v.                           )  Case No. CIV-16-006-KEW
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                             )
            Defendant.       )

## OPINION AND ORDER

Plaintiff Jody Allen ("Plaintiff"), on behalf of the minor child, J.K.A. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 27, 2000 and was 13 years old on the date the ALJ issued his decision.  Claimant is alleged to have become disabled on October 31, 2007 due to epilepsy/seizure disorder and mood disorder.

**Procedural History**

On February 27, 2012, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration.  On February 27, 2014, Plaintiff appeared at an administrative hearing in Tulsa, Oklahoma before Administrative Law Judge Bernard Porter ("ALJ") by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from McAlester, Oklahoma.  The ALJ issued an unfavorable decision on May

28, 2014.  On November 24, 2015, the Appeals Council denied review of the ALJ's findings.  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation.  He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

**Review**

Plaintiff asserts the ALJ committed error in failing to find Claimant's condition met or equaled a listing.

**Consideration of Functional Equivalency**

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, nocturia enuresis, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and learning disorder. (Tr. 13).  The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments.  Id.  The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments.  He concluded Claimant had less than marked limitation in the areas of acquiring and using

4

information, attending and completing tasks, caring for yourself, and health and physical well-being. He also determined Claimant had a marked limitation in the domain of interacting and relating to others. He found no significant limitation in the areas of moving about and manipulating objects. (Tr. 18-24).

Plaintiff asserts the ALJ failed to consider all evidence in determining that Claimant did not satisfy the six functional equivalence domains. To functionally equal a listing, a claimant's impairment or combination of impairments must result in "marked" limitations in at least two of the six domains of functioning, or in "extreme" limitation in at least one domain. 20 C.F.R. §§ 416.926a(a), (g)-(l).

Plaintiff takes issue with the ALJ's analysis of four of the six domains. The domain of Acquiring and Using Information involves the ability "to learn to read, write, do arithmetic, and understand and use new information." 20 C.F.R. § 416.926a(g)(1)(I). For school-age children (age 6 to attainment of age 12), the regulations set out the benchmarks: (1) Learns to read, write, and do simple arithmetic; (2) Becomes interested in new subjects and activities (for example, science experiments and stories from history); (3) Demonstrates learning by producing oral and written projects, solving arithmetic problems, taking tests, doing group work, and entering into class discussions; (4) Applies learning in

daily activities at home and in the community (for example, reading street signs, telling time, and making change); and (5) Uses increasingly complex language (vocabulary and grammar) to share information, ask questions, express ideas, and respond to the opinions of others.  Soc. Sec. R. 09-3p, 2009 WL 396025, *6.  A "marked" limitation in this domain requires a finding that the "impairment(s) interferes seriously interferes with [a claimant's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(ii).

The ALJ relied primarily upon the report of Claimant's fifth grade teacher, Ms. Sherrill Allen from April of 2012.  This teacher stated she taught Claimant for four periods per day in Math, Reading, English, and Enrichment classes.  She knew Claimant for five years.  Ms. Allen found Claimant had no problems in this domain.  The report of Dr. Evette Budrich lends support for this position. (Tr. 317).  However, on February 13, 2014, Ms. Allen and Mr. Jeff Neighbors, the principal at Claimant's school, authored admittedly sparse forms which indicated Claimant had a "markedly interfering" limitation in this domain.  (Tr. 347-48).  The ALJ gave "little weight" to these opinions because they are not doctors or mental health professionals qualified to give these opinions, and they opinions were not consistent with the evidence of record as a whole.  He also noted the inconsistency between Ms. Allen's

6

first opinion from 2012 and the subsequent opinion in 2014, stating that the former opinion was more specific and consistent with the evidence of record as a whole. (Tr. 17).

This Court is troubled by the ALJ's willingness to accept Ms. Allen's opinion when it supported a finding of less than a marked limitation in this domain but rejected a subsequent opinion from her which supported a finding of marked limitation. This inconsistency after a two year passage of time should at least have triggered the ALJ's obligation to develop the record by recontacting this teacher with intimate knowledge of Claimant's day-to-day activity and developmental progress. Moreover, it is intellectually inconsistent to reject an opinion from Claimant's special education teacher on the basis that she is not a medical professional qualified to render such an opinion but accept her prior opinion when it supports a finding of non-disability.

The ALJ also concluded without evidence that Ms. Allen provided the second opinion "in an effort to assist the child with whom she sympathizes." (Tr. 17). This statement smacks of the oft rejected statement that a "treating physician's report appears to have been prepared as an accommodation to a patient" statement that has been roundly rejected. Miller v. Chater, 99 F.3d. 972, 976 (10th Cir. 1996) citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987). The ALJ's assumption in this regard does not represent a

7

justifiable basis for rejecting the teacher's opinion.

Additionally, the medical record indicates Claimant's mental and emotional status has worsened since 2012. On October 23, 2013, Dr. Eric Broadway indicated Claimant's anger, defiant personality traits, and attitude toward teachers and doing school work deteriorated. On remand, the ALJ should explore whether the inconsistencies in Ms. Allen's opinions were attributable to a worsening of Claimant's condition.

This same analysis holds true with the domains of attending to and completing tasks, interacting and relating to others, and caring for himself - all of which now reflect "extremely interfering" limitations by Ms. Allen and supported by Mr. Neighbors. The ALJ should engage in a re-examination of these domains and whether Claimant's limitations in relation to them has deteriorated since 2012.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent

with this Opinion and Order.

DATED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE