# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JODY ALLEN, o/b/o JKA,            )
                                  )
            Plaintiff,            )
                                  )
v.                                ) Case No. CIV-16-006-KEW
                                  )
NANCY A. BERRYHILL, Acting        )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney Fees Under the Equal Access to Justice Act (Docket Entry #21). By Order and Opinion entered March 31, 2017, this Court reversed the decision of the Commissioner to deny Plaintiff's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 18.50 hours of time expended by her attorney at the stipulated fee rate and 7.00 hours of paralegal time for a total request of $4,268.70 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §

2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner contends her position with regard to the ALJ's consideration of the opinion and reporting of the minor's teacher, Ms. Sherrill Allen, was justified since she was not a medical professional and her opinion was contradicted by other evidence. As stated in this Court's Order and Opinion, the ALJ accepted portions of Ms. Allen's statements but rejected the portions which supported a finding of disability. The inconsistency in the consideration of Ms. Allen's statements cannot support a finding of substantial justification.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney Fees Under the Equal Access to Justice Act (Docket

Entry #21) is hereby **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $4,268.70. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 16th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE